UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KELLI L. EVANS,

              Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

              Defendant.

CASE NO. C12-6015 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 16), and Defendant's objections to the R&R (Dkt. 17).

On January 17, 2014, Judge Creatura issued the R&R recommending that the Court reverse the decision of the Administrative Law Judge ("ALJ") and remand the matter for further proceedings. Dkt. 16. On January 31, 2014, Defendant filed objections. Dkt. 17. On February 20, 2014, Plaintiff Kelli Evans ("Evans") responded. Dkt. 18.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

ORDER - 1

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Defendant requests a *de novo* review and order affirming the ALJ's decision. Defendant argues that Judge Creatura made four errors: (1) misconstrued the standard for discounting medical opinions, (2) failed to acknowledge reasons provided by the ALJ, (3) failed to consider whether some error was harmless, and (4) ordering the ALJ to consider all the medical evidence anew. Dkt. 17 at 2–12.

### A.     Improper Standard

Defendant argues that Judge Creatura imposed an improper standard for reviewing the ALJ's discounting of a treating physician's opinion. Dkt. 17 at 2–8. Although Judge Creatura commented on the brevity of the ALJ's discussion of Dr. Wingate's clinical findings, Judge Creatura imposed the correct standard that the rejection of Dr. Wingate's opinion must be based on specific and legitimate reasons that were supported by substantial evidence in the record. Dkt. 16 at 9, 13. Therefore, the Court adopts the R&R on this issue.

With regard to Defendant's arguments that the ALJ gave specific and legitimate reasons for rejecting Dr. Wingate's opinion, the Court disagrees with Defendant's assessment of the ALJ's reasons. For example, a possibly inconsistent earlier opinion (August 2009) is not a legitimate reason to reject a consistent subsequent medical opinion (June 2010). Moreover, a doctor's failure to be aware of Evan's inconsistent self reports is not a legitimate reason to discount a treating physician's opinion. Therefore, the Court

adopts the R&R on the issue of the ALJ's failure to properly support the discounting of Dr. Wingate's opinion.

**B.     Dr. Williams**

Defendant argues that Judge Creatura failed to address the ALJ's second reason for rejecting the opinion of Dr. Williams. Dkt. 17 at 8–9. Defendant cites *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008), for the proposition that a "medical source's assessment that essentially reflects a claimant's self-reports may be rejected by the ALJ's adverse credibility determination." Dkt. 17 at 9. The correct statement of law is that an "ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti*, 533 F.3d at 1041 (quoting *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). While Dr. Williams's opinion may have been based to a large extent on Evans's self-reports, the ALJ failed to discuss what the self-reports were and whether those self-reports were "discounted as incredible." Therefore, even if Judge Creatura considered the ALJ's second reason for discounting Dr. Williams's opinion, the Court finds that it is not a legitimate reason to discount the opinion.

**C.     Harmless Error**

Defendant argues that Judge Creatura erred by failing to consider whether the ALJ's failure to consider lay witness testimony was harmless. Dkt. 17 at 9–11. Defendant cites *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012), for the proposition that "when an ALJ errs by failing to discuss lay witness testimony, the error

can be 'inconsequential to the ultimate nondisability determination.'" Dkt. 17 at 10. The Ninth Circuit, however, stated that

> Because the ALJ had validly rejected all the limitations described by the lay witnesses in discussing Molina's testimony, we are confident that the ALJ's failure to give specific witness-by-witness reasons for rejecting the lay testimony did not alter the ultimate nondisability determination.

*Molina*, 674 F.3d at 1114. Under this standard, the Court is not confident that the ALJ validly rejected all of the limitations described by the lay witness. Therefore, even if Judge Creatura failed to include a harmless error analysis, the ALJ's failure was not harmless error or inconsequential to the ultimate determination.

### D. Order on Remand

Judge Creatura concluded that "all of the medical evidence should be evaluated anew . . . ." Dkt. 16 at 19. Defendant objects to that conclusion, but fails to provide any alternative instructions for the ALJ. Dkt. 17 at 12. Evans contends that the errors of the ALJ cannot be corrected in a vacuum and the weight given to medical opinions must be considered in light of the entire record. Dkt. 18 at 8–9. The Court agrees. Therefore, the Court adopts the R&R on this issue.

The Court having considered the R&R, Defendant's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) The ALJ's decision is **REVERSED;**

(3) The matter is **REMANDED** to Defendant for further proceedings; and

(4) This case shall be **CLOSED**.

Dated this 14th day of April, 2014.

                                    BENJAMIN H. SETTLE
                                    United States District Judge